UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JOHN JOHNSON,

                              Plaintiff,

   -against-

CITY OF NEW YORK, PHILIP VACCARINO, Individually, MATHEW REICH, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

      Plaintiff JOHN JOHNSON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff JOHN JOHNSON is a thirty-three-year-old man residing in Staten Island, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, PHILIP VACCARINO, MATHEW REICH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On June 16, 2015, at approximately 5:50 p.m., plaintiff was lawfully operating a motor vehicle in the vicinity of the intersection of Port Richmond Avenue and Castleton Avenue, Staten Island, New York, when he was pulled over without justification by defendant NYPD officers, including defendant detectives PHILIP VACCARINO and MATHEW REICH, of the Narcotics Borough of Staten Island.

13. Multiple defendant officers approached, some with guns drawn, and ordered plaintiff and his three passengers out of the vehicle without any justification.

14. Plaintiff and the passengers were handcuffed.

15. Plaintiff was searched and then uncuffed.

16. Thereafter, plaintiff was re handcuffed without probable cause, and put in a prisoner van, which transported plaintiff to the 121st Police Precinct, where he was held overnight in jail.

17. The defendant officers continued to unlawfully imprison plaintiff until June 17, 2015, when plaintiff was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2015RI004356; said charges having been filed based on the false allegations of the defendant officers.

18. The defendant officers initiated said prosecution with malice.

19. VACCARINO, REICH, and John and Jane Doe officers created and manufactured false evidence against plaintiff and conveyed said evidence to the Richmond County District Attorney's Office causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

20. Specifically, the defendants swore to a chain of events falsely implicating plaintiff in possessing drugs, including VACCARINO'S allegation that plaintiff handed an object to a rear passenger that was subsequently recovered by REICH   Any such claims were entirely false as plaintiff did not personally or constructively possess any drugs or contraband.

21. As a proximate result of defendants' false claims, bail was set, and plaintiff was sent to Riker's Island, where he remained imprisoned until on or about the next Court date, approximately three day later.  Plaintiff returned to Richmond County Criminal Court on multiple occasions, until all the false charges lodged against him were dismissed and sealed on December 15, 2015.

22. Defendants JOHN and JANE DOE 1 through 10 either supervised, participated in, and/or failed to intervene in the above described acts of misconduct.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals and falsifying evidence in support of said arrests, and of unjustified arrests being made for overtime compensation and for reasons otherwise outside the ends of justice.

24. The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of

said arrests. *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

25. The City is further aware that the NYPD narcotics division has an overtime compensation structure that results in substantial overtime compensation driven by improper arrest activity. For example, in a memo drafted in April 2014, then NYPD IAB Chief Joseph Reznick confirmed his belief that too many narcotics arrests were examples of "collars for dollars". He stated the "[r]easons for enforcement were nonsense", and that "…most arrests lacked quality" and that some overtime was "borderline abuse". *See e.g.* http://www.nydailynews.com/new-york/nyc-crime/nypd-internal-affairs-warns-cops-making-arrests-earn-overtime-article-1.1757248

26. Moreover, in another civil rights action filed in this court involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27. Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. For example, the CITY OF NEW YORK is aware through the litigation and settlement of multiple cases that defendant VACCARINO has been sued on at least sixteen other

occasions in this Court.

29.     The CITY OF NEW YORK is likewise aware through the litigation and settlement of multiple cases that defendant REICH has been also been sued on approximately sixteen other occasions in this Court alone.

30.     Despite notice of the foregoing custom and practices of NYPD narcotics officers and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff JOHN JOHNSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff JOHN JOHNSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants arrested plaintiff JOHN JOHNSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendants caused plaintiff JOHN JOHNSON to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff JOHN JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and

disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants initiated, commenced and continued a malicious prosecution against plaintiff JOHN JOHNSON.

45. Defendants caused plaintiff JOHN JOHNSON to be prosecuted without any probable cause until the charges were dismissed on or about December 15, 2015.

46. As a result of the foregoing, plaintiff JOHN JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants created false evidence against plaintiff JOHN JOHNSON.

49. Defendants utilized this false evidence against plaintiff JOHN JOHNSON in legal proceedings.

50. As a result of defendants' creation and use of false evidence, plaintiff JOHN JOHNSON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

51. As a result of the foregoing, plaintiff JOHN JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants had an affirmative duty to intervene on behalf of plaintiff JOHN JOHNSON, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiff JOHN JOHNSON' liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

56. As a result of the foregoing, plaintiff JOHN JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOHN JOHNSON'S rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to proper investigatory methods and the probable cause required to make an arrest, and are also aware that many officers engage in falsification in support of improper arrests, and that they make needless arrests for the purpose of obtaining overtime compensation. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including

the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN JOHNSON.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN JOHNSON as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOHN JOHNSON as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOHN JOHNSON was unlawfully arrested and maliciously prosecuted.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN JOHNSON' constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiff JOHN JOHNSON of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from malicious prosecution;

    C. To receive his right to fair trial; and

    D. To be free from failure to intervene.

69. As a result of the foregoing, plaintiff JOHN JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOHN JOHNSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       June 15, 2018

                                  BRETT H. KLEIN, ESQ., PLLC
                                  Attorneys for Plaintiff JOHN JOHNSON
                                  305 Broadway, Suite 600
                                  New York, New York 10007
                                  (212) 335-0132

                              By:      s/ Brett Klein
                                         BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOHN JOHNSON,

                                                        Plaintiff,                        Docket No.

     -against-

CITY OF NEW YORK, PHILIP VACCARINO, Individually,
MATHEW REICH, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                              Defendants.

--------------------------------------------------------------------------------X


# COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132